UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TAMMY DUERKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:25-cv-00887 |
| | ) |
| STATE OF TENNESSEE, | ) |
| DEPARTMENT OF HUMAN | ) |
| SERVICES, CLARENCE H. CARTER, | ) |
| Commissioner, in his official capacity, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is an odd case. Tammy Duerkson, who is white, alleges racial harassment and retaliation arising from her employment with the Tennessee Department of Human Services ("DHS") Division of Childcare and Community Services ("Division"). She alleges that her supervisor Tiffany McCloud, who is black, failed to select her for certain job positions, subjected her to other adverse employment actions, created a hostile work environment and retaliated against her after she complained about McCloud's actions. (Doc. No. 1 at 1 and 3). What makes this case odd is that Duerkson alleges how McCloud allegedly mistreated not her, but other white employees. (Doc. No. 1 at 4 – 10).

DHS and Clarence H. Carter, Commissioner of DHS, in his official capacity ("Defendants"), have moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss because Duerkson's claims are time-barred and she fails to state a claim upon which relief can be granted. (Doc. No. 9). For the following reasons, the Court will grant the motion.

1

## I. FACTUAL ALLEGATIONS

In June 2022, Duerkson applied for the position of Field Supervisor I. (Doc. No. 1 at 3 ¶ 10). She was not selected in favor of a black employee. (Id.) Duerkson also applied for other unspecified positions but was not selected. (Id. ¶ 11). Duerkson then complained to Defendant that McCloud treated her unfairly because of her race. (Id. ¶ 12). After she complained, she "was subjected to different terms and conditions of employment," including being written up, put on leave restriction, required to request leave at least five days in advance, removed from a special project, required to redo a career development program, and having her overtime taken away and leave arbitrarily denied. (Id. ¶ 13).

Duerkson's midyear evaluation in April 2023, was "needs improvement," but in June 2023 on her annual evaluation, she received a "meets expectations," which she says was not the "top mark." (Id. ¶ 14-15). Duerkson decided to move to a different department on June 22, 2023 "[d]ue to the discrimination." (Id. ¶ 16). On December 19, 2023, she left her employment with DHS. (Id. at 4 ¶ 17).

## II. LEGAL STANDARD

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cooperrider v. Woods, 127 F.4th 1019, 1027 (6th Cir. 2025) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When assessing a Rule 12(b)(6) motion to dismiss, the Court must accept the complaint's well-pleaded factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018) (internal citations omitted). "While the complaint 'does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions'" or "'a formulaic recitation of a cause of action's elements[.]'" Ryan v. Blackwell, 979 F.3d 519, 524 (6th Cir. 2020) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citation omitted).

### III. ANALYSIS

Defendants seek dismissal because Duerkson's claims are time-barred or fail to state a claim upon which relief can be granted.

Duerkson's claims before March 10, 2023, are time-barred because they occurred 300 days before she filed her charge of discrimination. (Doc. No. 10 at 3). Duerkson does not respond to the timelines issue in her response. (Doc. No. 11). As a result, she has waived this issue and dismissal on that basis alone is proper. See Hitchcock v. Cumberland Univ. 403(b) DC Plan, 851 F.3d 552, 566 (6th Cir. 2017) (citing Humphrey v. United States Att'y Gen.'s Office, 279 F. App'x 328, 331 (6th Cir. 2008)) (when a plaintiff fails to respond to an issue it is waived); AK v. Behav. Health Sys., Inc., 382 F. Supp. 3d 772, 774-75 (M.D. Tenn. 2019) ("Under this Court's Local Rules, when a party fails to respond to an argument, that argument is generally deemed to be unopposed and the proposition conceded. L.R. 7.01(b).").

Even if Duerkson had not waived this issue, she would not prevail because she does not allege any claims after March 10, 2023. There are two procedural prerequisites a plaintiff must satisfy before bringing a Title VII claim: (1) file a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the adverse employment action, and (2) bring a lawsuit 90 days after receiving from the EEOC a right to sue notice. 42 U.S.C. § 2000e-5(e)(1); Nichols v. Muskingum Coll., 318 F.3d 674, 677 (6th Cir. 2003). In Tennessee, Duerkson had 300 days to submit a charge of discrimination. See Jones v. Fed. Express Corp., 952 F.3d 815, 818-19 (6th Cir. 2020) (the agreement between the Tennessee

3

Human Rights Commission and the EEOC creates a 300-day time limit). She did so on January 4, 2024, so only claims 300 days prior to March 10, 2023 are timely. Id.

To the extent Duerkson seeks to bring a discrimination claim when she did not receive the Field Supervisor I position in August 2022, that claim is time-barred. Her allegations that she applied for other open positions also fail because she does not allege when she did so to make them timely. Likewise, Duerkson's retaliation claims do not survive dismissal because she makes no allegations from which this Court can plausibly conclude that any of this alleged mistreatment occurred after March 10, 2023, to be timely. (See Doc. No. 1 at 3 ¶ 13). At the pleading stage, the plaintiff has the burden of alleging facts that make her claims plausible. See, e.g., Cooperrider, 127 F.4th at 1027. This includes plausible allegations that the plaintiff's claims are timely. Cf. Bishop v. Lucent Techs., Inc., 520 F.3d 516, 520 (6th Cir. 2008) (internal citation omitted) (plaintiff is obligated to plead facts showing claims are timely "when it is apparent from the face of the complaint that the time limit for bringing the claim[s] has passed."). She has not done so regarding "other open positions" she sought because she does not allege when she applied. (Doc. No. 1 at 3 ¶¶ 10, 11).

Duerkson's hostile work environment claims must be dismissed because she fails to state a claim for relief. Duerkson alleges that McCloud subjected her and other white employees to a hostile work environment because of race. (Id. at 11-12 ¶¶ 67-73). To prevail on a Title VII hostile work environment claim, a plaintiff "must demonstrate that (1) she belonged to a protected group, (2) she was subject to unwelcome harassment, (3) the harassment was based on race, (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment, and (5) the defendant knew or should have known about the harassment and failed to act." Williams v. CSX Transp. Co., 643 F.3d 502, 511 (6th Cir. 2011).

Applying the liberal standard under Rule 12(b)(6), Baum, 903 F.3d at 581, this claim falls short. First, Duerkson's claim-specific allegations in paragraphs 67-73 of her Complaint (Doc. No. 1 at 11-12) are conclusory and constitute "'a formulaic recitation'" of the elements of a hostile work environment/harassment claim without factual allegations. See Blackwell, 979 F.3d at 524 (quoting Twombly, 550 U.S. at 555). Her reference that white employees left their employment, impliedly due to the harassment/hostile work environment (Doc. No. 1 at 11 ¶ 68), fails to save her case because Duerkson must allege facts pertaining to her not others. See Twombly, 550 U.S. at 555 (emphasis added) (citation and quotation marks omitted) (explaining that a plaintiff is obligated to plead sufficient "grounds of *his* entitlement to relief").

To the extent Duerkson relies on her "needs improvement" and "meet expectation" evaluations as indicative of employment discrimination, without more, is insufficient to allege an adverse employment action. This is because she nowhere in the Complaint alleges that these employment evaluations resulted in a change to the terms and conditions of employment. See Muldrow v. City of St. Louis, Missouri, 601 U.S. 346, 354 (2024) (to prevail on a Title VII employment discrimination claim, plaintiff must demonstrate an adverse employment action, which is one that "br[ings] about some disadvantageous change in an employment term or condition.").

Similarly, there are no allegations in the Complaint to suggest that Defendants forced Duerkson to transfer to a different department or ultimately leave her employment with Defendant due to her race or her complaints of unlawful activity. As such, her transfer within and ultimate departure from DHS cannot be characterized as adverse actions by her employer. Spees v. James Marine, Inc., 617 F.3d 380, 391 (6th Cir. 2010) (citation and quotation marks omitted) ("Adverse employment actions are typically marked by a significant change in employment status, including

5

hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.").

Duerkson claims for hostile work environment and retaliation must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 9) is **GRANTED**. The Clerk shall enter a final judgment under Federal Rule of Civil Procedure 58 and close the file.

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE